Argued and submitted November 12, 1998, affirmed February 10, 1999

In the Matter of
Nathan Flath, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

NATHAN FLATH,
*Appellant.*

(9311-83501; CA A99616)

974 P2d 254

Brenda Shum argued the cause for appellant. On the brief was Katherine O. Osborn.

David J. Amesbury, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy

Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

**WARREN, P. J.**

Defendant appeals a juvenile court order finding him within the jurisdiction of the juvenile court because of an act that, if done by an adult, would constitute the crime of delivery of a controlled substance within 1,000 feet of a school. ORS 475.999(1)(a).[1] He makes three assignments of error regarding the trial court's jurisdictional finding; only the third merits discussion. In that assignment, defendant contends that the state failed to prove beyond a reasonable doubt that he delivered a controlled substance for consideration. We affirm.

■ We review the judgment of the trial court *de novo*. ORS 419A.200(5); ORS 19.415(3). Defendant admitted that two friends gave him four dollars to buy marijuana cigarettes for them. Defendant bought them on March 21, 1997, at school and was going to deliver them to the two students when he was apprehended by Mr. Bailer, a campus safety monitor for Portland Public Schools. Bailor witnessed defendant purchasing the cigarettes.

Defendant contends that he received no consideration for the delivery, while the state contends that consideration was shown. We need not reach that question, because we conclude that consideration is not an element of the crime under ORS 475.999(1)(a).

■ According to the defendant, consideration represents the only difference between ORS 475.999(1)(a) and ORS 475.999(1)(b).[2] Defendant claims that the latter is a carbon

---

[1] ORS 475.999 provides, in part:

"Except as authorized by ORS 475.005 to 475.285 and 475.940 to 475.995, it is unlawful for any person to:

"(1) Manufacture or deliver a schedule I, II or III controlled substance within 1,000 feet of the real property comprising a public or private elementary, secondary or career school attended primarily by minors.

"(a) Unlawful manufacture or delivery of a controlled substance within 1,000 feet of a school is a Class A felony."

[2] ORS 475.999(1)(b) provides:

"Notwithstanding the provisions of paragraph (a) of this subsection, delivery for no consideration of less than five grams of the dried leaves, stems and flowers of the plant Cannabis family Moraceae in a public place, as defined in ORS 161.015, that is within 1,000 feet of the real property comprising a public

copy of the former, with the exception that the state is not required to prove consideration for the latter. We disagree. Subsection (b) does not mention manufacture but is limited to delivery. Under ORS 475.999(1)(b), the delivery must be for no consideration and of fewer than five grams of marijuana and does not include any other controlled substances. The delivery must be in a public place within 1,000 feet of a school attended primarily by minors, and it must be made to a person who is 18 years of age or older. The only similarity between the two subsections is that the event must have occurred within 1,000 feet of a school attended primarily by minors. All six criteria must be established to change the offense to a Class C misdemeanor. If all six factors are not supported by the evidence, the delivery is a Class A felony. In effect, ORS 475.999(1)(b) provides that when delivery without consideration is made of less than five grams of marijuana, within 1,000 feet of a school attended by minors, but is made to an adult, the crime is only a Class C misdemeanor. Not all of those criteria are met in this case.

■   Consideration is not an element of ORS 475.999-(1)(a). In this case, there was evidence that defendant held, with intent to deliver, marijuana within 1,000 feet of a school attended primarily by minors. The trial court correctly found that defendant acted in a way that would make him guilty of the crime of delivery of a controlled substance with 1,000 feet of a school attended primarily by minors, had he been an adult. It properly exercised jurisdiction over him.

Affirmed.

---

or private elementary, secondary or career school attended primarily by minors to a person who is 18 years of age or older is a Class C misdemeanor."